UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT KRAGERUD**,<br><br>Defendant. | Case No. 1:19-cr-00121-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant Robert Kragerud's pro se Motion for Credit for Time Served. (Dkt. 48, 49.) The Court has considered the Motion and record. For the reasons that follow, the Court will deny the Motion.

### BACKGROUND

Mr. Kragerud was sentenced to thirty months in federal custody for violating 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm. *Judgment*, Dkt. 43. While awaiting sentencing, Kragerud was held in a county jail for 173 days. Dkt. 48. Upon sentencing, the court recommended to the Bureau of Prisons (BOP) that Kragerud be credited with time spent in federal custody while awaiting the disposition of his charges. *Judgment*, Dkt. 43. According to Kragerud's Motion,

**MEMORANDUM DECISION AND ORDER - 1**

BOP has not since credited him with the 173 days that he spent in federal custody before his sentence was imposed.

## DISCUSSION

At his sentencing hearing, this Court recommended that Kragerud "be credited with all time served in federal custody ...," (*Judgment*, Dkt. 43), but this Court does not have authority to compute such credit at sentencing. *See United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992) (holding that "18 U.S.C. § 3585(b) does not authorize a district court to compute the credit at sentencing"); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (sentencing court lacked jurisdiction to grant defendant the requested credit). "Rather, the Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of the defendant's credit for time served." *United States v. Demers*, 992 F.2d 1220 (9th Cir. 1993). Thus, a criminal defendant must "exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." *Checchini*, 967 F.2d at 350. Here, Kragerud does not allege that he has exhausted his administrative remedies. More significantly, this Court lacks jurisdiction to grant Kragerud's Motion. When a prisoner claims he is entitled to credit against his sentence for time spent in custody prior to sentencing, he is challenging the *execution* of his

MEMORANDUM DECISION AND ORDER - 2

sentence rather than the sentence itself. *See U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In such circumstances, the prisoner must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* The Supreme Court has held that a writ under § 2241 must issue from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973); *see also Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). Kragerud is incarcerated at FCI Herlong in Lassen County, California. Thus, to proceed on a petition under 28 U.S.C. § 2241, he must first exhaust his administrative remedies with the Bureau of Prisons, and if he is not satisfied with the Bureau of Prison's response, must file a § 2241 petition in the U.S. District Court for the Eastern District of California.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Credit for Time Served (Dkt. 48, 49) is **DENIED**.

DATED: May 16, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**